Dear Guy R. Ayres III, Esquire
On behalf of the Mayor and City Council of Ocean City, you have asked our opinion concerning a proposal to regulate local dance clubs by municipal ordinance. Specifically, you ask whether a provision that would require a dance club to restrict admission for the purpose of separating minors from adult patrons would conflict with the prohibition against age discrimination in Maryland's public accommodations law.
For the reasons explained below, a municipal ordinance that regulates dance clubs may prescribe age limits for admission that are designed for the protection of minors. In our opinion, such age restrictions would not be preempted by the State public accommodations law.
 I Background
In your letter, you state that Ocean City has recently witnessed a proliferation of dance clubs, facilities that are open to the public where patrons gather to dance, listen to music, and otherwise socialize. A fee is paid for admission to the club and nonalcoholic beverages are available for purchase. Because they do not serve alcoholic beverages, these facilities are not subject to regulation under the State alcoholic beverages law, Article 2B of the Annotated Code of Maryland.
You indicate that the large number of patrons gathering at dance clubs has resulted in incidents requiring police intervention, and a significant number of arrests. To address problems connected with the clubs, the Mayor and City Council have expressed interest in developing an ordinance that would regulate the operation of the clubs under the Town's police power. Certain local agencies have been charged with gathering information and making recommendations for such an ordinance.
As part of the process of developing a draft ordinance, the Ocean City Police Department has expressed a concern about "the intermingling of adults and minors" at dance clubs and has "recommended that minors not be permitted in adult `dance clubs' and vice versa." You questioned whether a local ordinance including age restrictions designed to separate minors from adult patrons would conflict with the prohibition against age discrimination in the State public accommodations law. Your concern prompted the Mayor and City Council to request this opinion.[1]
 II Maryland Public Accommodations Law
Maryland law prohibits discrimination in places of public accommodation. The law provides:
 It is unlawful for an owner or operator of a place of public accommodation or an agent or employee of the owner or operator, because of the race, creed, sex, age, color, national origin, marital status, or disability of any person, to refuse, withhold from, or deny to such person any of the accommodations, advantages, facilities and privileges of such place of public accommodation.
Annotated Code of Maryland, Article 49B, § 5(a) (emphasis added).[2]
By its express terms, the statute only prohibits discrimination based on the enumerated grounds. As long as a business is not motivated by unlawful discrimination, it retains the right to deny service to a person "for failure to conform to the usual and regular requirements, standards and regulations for the establishment." Article 49B, § 5(b); Silbert v. Ramsey, 301 Md. 96, 104, 482 A.2d 147 (1984). There is no question that a dance club, open to the public, is a "place of public accommodation." See Article 49B, § 5(c)-(d) (definition of "place of public accommodation" includes any "place of exhibition or entertainment").
If the separation of minors from adults contemplated in the proposed dance club ordinance would constitute unlawful age discrimination under Article 49B, § 5, the proposed ordinance would require dance club operators to engage in discrimination that State law prohibits. In that case, the ordinance would be preempted by State law. See, e.g., Talbot County v. Skipper, 329 Md. 481, 487 n. 4, 620 A.2d 880 (1993) ("A local ordinance is pre-empted by conflict when it prohibits an activity which is intended to be permitted by state law, or permits an activity which is intended to be prohibited by state law"); see also 67 Opinions of the Attorney General 307, 311-12 (1982). Thus, we consider whether the mandatory separation of minors from adults[3] in dance clubs would constitute unlawful discrimination under the public accommodations law.
 III Analysis
The Maryland public accommodations law reflects the State's public policy against unjust discrimination. It is an example of the State "put[ting] its authority behind one of the cherished aims of American feeling by forbidding indulgence in . . . prejudice to another's hurt." Barnes v. State ex rel. Pinckney, 236 Md. 564, 577-78, 204 A.2d 787
(1964), quoting Railway Mail Ass'n v. Corsi, 326 U.S. 88, 98 (1945) (Frankfurter, J., concurring). A popular law dictionary defines "discrimination," in part, as "[d]ifferential treatment; esp., a failure to treat all persons equally when no reasonable distinction can be found between those favored and those not favored." Black's Law Dictionary 479 (7th ed. 1999) (emphasis added). Thus, the underlying purpose of the public accommodations law is to eliminate unreasonable distinctions in access to such facilities based on certain personal characteristics.
It is evident that the State public accommodations law does not outlaw all distinctions based on the enumerated criteria. For example, the Legislature explicitly provided, with respect to distinctions based on sex, that the statute does not apply to those facilities that are "uniquely private and personal in nature, designed to accommodate only a particular sex." Article 49B, § 5(f); see also 81 Opinions of the Attorney General ___ [Opinion No. 96-012 (March 8, 1996)] (recognizing justifiable distinctions in electrologists' services to female and male customers). More generally, with respect to employment practices, the Legislature recognized distinctions based on a "bona fide occupational qualification reasonably necessary to the normal operation of [the] particular business or enterprise[.]" Article 49B, § 16(g)(1); see 62 Opinions of the Attorney General 705 (1977) (age limitations imposed by the Police Training Commission for attendance at approved training schools).
Your inquiry concerns the extent to which a municipality may require a place of public accommodation to enforce age-based restrictions regarding minors. The law has long drawn distinctions between the treatment of adults and minors that are "hardly open to question." Prince v. Massachusetts, 321 U.S. 158, 168-70 (1944). State law is replete with age-based distinctions designed for the protection of minors. For example, minors may not purchase alcoholic beverages or tobacco products (Article 2B, § 12-108; Article 27, § 404-5); unaccompanied minors are barred from premises displaying obscene or sexually explicit materials (Article 27, § 416E); minors accused of criminal activity are generally adjudicated and treated separately from adults (Courts 
Judicial Proceedings Article, § 3-801 et seq.); and the employment of minors is subject to various restrictions not applicable to adults (Labor Employment Article, § 3-201 et seq.). We doubt that, in prohibiting age discrimination in the public accommodations law, the Legislature meant to prevent a municipality from exercising its police power to establish reasonable restrictions for the same purposes.
Confirming this well-recognized distinction between adults and minors, in 1973 the General Assembly defined eighteen as the legal age of majority for general application.[4] Chapter 651, § 1, Laws of Maryland 1973, now codified at Annotated Code of Maryland, Article 1, § 24. A 1978 amendment of the public accommodations law added "age" to the list of personal characteristics in the anti-discrimination statute. Chapter 684, Laws of Maryland 1978. However, nothing in the legislative history[5] of that amendment suggests that the Legislature intended to foreclose reasonable distinctions in the treatment of minors and adults based on the definition of the age of majority codified in statute five years earlier.
In our opinion, the purpose of the ban against age discrimination in public accommodations is to prohibit arbitrary and unreasonable treatment based on person's age.
However, some age-based distinctions are not simply arbitrary and unreasonable generalizations or reflections of personal bias. In a prior opinion, this Office concluded that "offering discount prices to an elderly client would not be against public policy and would not violate the public accommodations law." 81 Opinions of the Attorney General __ [Opinion No. 96-012 (March 8, 1996)], slip op. at p. 4 n. 3.[6]
Similarly, as a general rule, state age discrimination laws appear to permit different treatment of minors related to reasonable distinctions between adults and children. 14 C.J.S. Civil Rights § 20 (1991); cf. Dep't of Civil Rights v. Beznos, 421 Mich. 110, 121, 365 N.W.2d 82 (1984) (Michigan anti-discrimination statute "does not prohibit differential treatment of minors per se where such treatment is reasonably necessitated by the special nature and characteristics of children").
Finally, in interpreting a statute, a construction that produces an illogical or unreasonable result, or a result that is inconsistent with common sense, is to be avoided. See, e.g., Chesapeake Charter v. Anne Arundel County Bd. of Educ., 358 Md. 129, 135, 747A.2d 625 (2000). To interpret § 5 to preempt a local regulation intended for the protection of minors would be at odds with the public policy that allows for differential treatment of minors for their own benefit.
There is no doubt that an ordinance that required a dance club to restrict admission based on a person's race or sex would be preempted by the public accommodations law. Similarly, an ordinance that permitted a facility to enforce age restrictions to limit service to seniors would likewise conflict with § 5. See 59 Opinions of the Attorney General 39, 44-45 (1974) (concluding that age discrimination unrelated to age of majority statute would be against public policy). However, in our view, if a municipality finds that restricting admission to dance clubs in order to separate minors from adult patrons is necessary for the protection of minors,[7] a local ordinance may draw reasonable age restrictions for that purpose. A dance club that complied with such an ordinance would act based on permissible "regulations for the establishment" rather than "based upon discrimination on the [ground] of . . . age . . ." Article 49B, § 5(b).
 IV Conclusion
In our opinion, a municipal ordinance regulating dance clubs may prescribe age restrictions for admission for the purpose of separating minors from adult patrons. Such age restrictions designed for the protection of minors would not be preempted by Article 49B, § 5.
 J. Joseph Curran, Jr. Attorney General
 William R. Varga Assistant Attorney General
 Robert N. McDonald Chief Counsel Opinions Advice
[1] Your request asked for our opinion concerning application of the State public accommodations law, and we limit our discussion to that statute. We note, however, that an ordinance restricting dance club admission by age would not appear to run afoul of the constitutional rights of association, or to equal protection of the laws. See City of Dallas v. Stanglin, 490 U.S. 19 (1989) (rejecting constitutional challenge to municipal ordinance limiting use of dance halls to individuals between the ages of 14 and 18). The federal public accommodations statute does not prohibit discrimination based on age. Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a et seq. Because operation of a dance club would not involve federal funding, the Age Discrimination Act of 1975, 42 U.S.C. § 6101 et seq., also need not be addressed.
[2] The statute was amended in 2001 to prohibit discrimination based on sexual orientation. Chapter 340, Laws of Maryland 2001. Because Chapter 340 has been petitioned to referendum under Article XVI of the Maryland Constitution, all references to Article 49B, § 5 reflect the statute prior to its recent amendment. In any event, the 2001 legislation does not affect our analysis.
[3] Although the Town apparently has not yet developed a draft ordinance, we assume that an ordinance incorporating this suggestion would have exceptions permitting parents, guardians, and other adult chaperones to be present at a facility catering to minors.
[4] Under that statute, a person 18 or more years old is considered an adult "except as otherwise specifically provided by statute." Article 1, § 24.
[5] The available legislative history relating to the 1978 amendment of the public accommodations law focuses largely on the extension of the statute to sex discrimination and offers little insight on legislative intent with respect to age discrimination.
[6] This conclusion is consistent with the position of the Maryland Commission on Human Relations, the agency charged with enforcing the public accommodations law. The Commission has concluded that the practice of offering special discounts to senior citizens based on age does not constitute unlawful discrimination. Letter of Michael L. Foreman, General Counsel, Maryland Commission on Human Relations, to Peter Schmolze, dated August 6, 1991.
[7] For example, a municipality might reasonably find that the separation of adults from minors at dance clubs would discourage illicit teen drinking that might be assisted by adults with access to alcoholic beverages outside a dance club.
 *Page 244